IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CR418 |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD WASHINGTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody, which was filed on June 20, 2005 (Filing No. 49).[1]  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255, sets forth a one-year statute of limitations for such motions, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] The motion was filed on June 27, 2005.  Because the prisoner mailbox rule applies to a § 2255 motion, this Court will accept June 20, 2005 (the date the motion was placed in the prison mail system) as the effective date of filing.  See *Lewis v. Richmond City Police Dep't*, 947 F.2d 733 (4th Cir. 1991); *Houston v. Lack*, 487 U.S. 266, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988).

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Of the four dates, the only one relevant in this case is the date on which the judgment of conviction became final. In *United States v. Clay*, the Supreme Court addressed the appropriate starting date for the one-year limitation period when the defendant has taken an unsuccessful direct appeal, but does not petition the Supreme Court for a writ of certiorari. The Court held that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." 537 U.S. 522, 525, 123 S. Ct. 1072, 1075, 155 L. Ed. 2d 88, 93 (2003). A petition for a writ of certiorari is timely when it is filed within 90 days after the *entry of the judgment* -- not the issuance of the mandate. See U.S. Sup. Ct. Rule 13, 28 U.S.C.

In the present case, Washington took an unsuccessful direct appeal of this Court's judgment. Washington did not petition the Supreme Court for a writ of certiorari. The Eighth

-2-

Circuit published its opinion denying Washington's direct appeal on March 17, 2004.  The judgment became final 90 days later, on June 15, 2004, when the time for filing a petition for certiorari expired.  Thus, the one-year limitation period expired on June 15, 2005, and Washington did not file this motion until June 20, 2005.  The motion is not timely and will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 18th day of July, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court